JAMES WELCH *v.* THE STATE.*

(*Knoxville.* September Term, 1926.)

Opinion filed November 16, 1926.

CONSTITUTIONAL LAW. Search warrant. Constitution, article 1, section 7. Construction. "Possessions." Adjacent buildings.

The Constitution provides (article 1, section 7), "That the people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures." The word "possessions," would not include wild, or waste land, or other lands that were unoccupied; but it does include the space of ground adjoining the dwelling house, and the building thereon, within the same common fence, in daily use in connection with the conduct of family affairs. To make search of any, to discover evidence of crime, a search warrant must first be procured. (Post, p. 62.)

Citing: Constitution 1834, 1796; 31 Cyc. 296; Words and Phrases (2nd Ed.) 1100-1102; 24 R. C. L., 718; Cooley on Torts, p. 295; Corpus Juris, 437; 2 Cooley's Blackstone, Vol. 2, p. 1384.

---

*As to admissibility of evidence obtained by illegal search and seizure, see annotation in 24 A. L. R. 1408; 32 A. L. R. 408; 41 A. L. R. 1145; 24 R. C. L. 718; 4 R. C. L. Supp. 1544; 5 R C. L. Supp. 1297.

---

*Headnotes 1. Searches and Seizures, 35 Cyc., p. 1265; 2. Criminal Law, 16 C. J., section 1110.

FROM CLAIBORNE

Appeal in error, from Circuit Court of Claiborne County.—W. H. BUTTRAM, Judge.

J. H. S. MORRISON, J. R. KETRON and WM. I. DAVIS, for plaintiff in error.

FERRISS C. BAILEY, Assistant Attorney-General, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The plaintiff in error was convicted of possessing a still, and has appealed to this court and assigned errors.

The uncontroverted facts are that the sheriff entered upon the premises of the plaintiff in error and began searching around, and, in a dugout in a lot, found a still and some beer. Said lot contained about one acre of land; was more than 300 yards from the residence of plaintiff in error; was entirely enclosed with a wire fence, and was used by the plaintiff in error for confining his stock and hogs. From this fence another fence extended beyond and enclosed the barn of plaintiff in error.

The sheriff had no search warrant and entered said lot by letting down the bars.

The plaintiff in error did not testify, and seasonable objection was made to the testimony of the sheriff, but his testimony was admitted upon the theory set out in the following excerpt of the charge:

"I charge you Gentlemen of the Jury, the opinion of the court so far as the search warrant is concerned, means the immediate possession, like a dwelling, smokehouse close about the dwelling, that is what the law is, and as to search warrant, the court charges you that if this man had a still out in the hog lot away from the house, as testified to here by this Sheriff, that the Sheriff would not have to have a search warrant to go out there and get this still. If you find under the circumstances he had a

still, the court charges you that he is guilty and you should so find.''

Counsel for the plaintiff in error ask a reversal upon the ground that said testimony of the sheriff was incompetent, and also because that portion of the charge, quoted above, is an erroneous statement of the law.

Article 1, section 7, of the Constitution is as follows:

''That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures.''

This same provision of the Constitution was contained in the Constitutions of 1834 and 1796.

In our opinion, the word ''possessions'' was added for a purpose, and means more than houses or mansions; something in addition thereto. We see no reason why this word should not be given the ordinary meaning ascribed to it by lexicographers. In our opinion, it refers to property, real or personal, actually possessed or occupied.

The word ''possession'' is thus defined in Webster's Unabridged Dictionary: ''The having, holding, or detention of property in one's power or command.''

''Actual possession'' is thus defined in 31 Cyc., 926, to-wit:

''That possession which exists where the thing is in the immediate occupancy of the party. Applied to land, the actual exercise by the owner of the present power to deal with the estate and exclude other persons from meddling with it; an actual and continuous occupancy or exercise of full dominion, and this may be either, first, an occupancy in fact of the whole that is in possession, or, second, an occupancy of part thereof in the name

of the whole; a subjection to the will and dominion of the claimant, usually evidenced by occupation, by a substantial inclosure, cultivation or by appropriate use; and as much consists of a present power and right of dominion as an actual corporeal presence.''

In Words & Phrases (2nd Ed.), 1100, it is said: ''The ordinary meaning of the word 'possession' is the same as 'occupancy.' ''

In the same book, on page 1102, it is said:

''That the words 'property, possessions, or estates' are sufficient if not qualified to carry real estate, is well settled by many decisions.''

In 24 R. C. L., 718, it is said: ''Searches are always treated as unreasonable when proceeding on the assumption that courts possess the power to authorize an entry on private premises, and seizures of any propery which may, in the prosecutor's judgment, have a bearing on a crime with which another person is charged. Hence, officers cannot be authorized to enter a private inclosure and take from the owner's possession a wrecked boiler and its appurtenances for use as exhibits on the trial of another person for manslaughter, where death resulted from the latter's criminal negligence, as engineer, in causing the explosion of the boiler.''

Justice Cooley, in his Work on Torts, page 295, says:

''The only lawful mode of making search upon one's premises is under the command of search warrants, and these are allowed to discover stolen or smuggled goods, or implements of gaming, and in a few other cases, for which provision must be found in the statutes.''

The word ''possessions'' would not include wild or waste lands, or other lands that were unoccupied.

In the case under consideration the plaintiff in error was occupying the lot where the search was made; it was inclosed with a fence, and he had it in daily use in connection with and as a necessary part of his farming operations.

The trial court undertook to limit the application of the word "possessions" to the "curtilage," which is defined in 17 Corpus Juris, 437, as "the space of ground adjoining the dwelling house, used in connection therewith in the conduct of family affairs and for carrying on domestic purposes." But, at the common law, the dwelling house embraced the curtilage.

In Cooley's Blackstone, vol. 2, p. 1384, it is said:

"And if the barn, stable, or warehouse, be parcel of the mansion-house, and within the same common fence, though not under the same roof or contiguous, a burglary may be committed therein; for the capital house protects and privileges all its branches and appurtenances, if within the curtilage or homestall."

This being true, the word "houses," in our Constitution, would include the "curtilage," so that the framers of our Constitutions must have intended the word "possessions" to have included more than the "curtilage."

It is obvious that it was intended to protect possessions in actual occupancy from unreasonable searches and seizures, whether real or personal, meaning thereby, as pointed out by Justice COOLEY, that when one desires to search the occupied premises of another he must do so in a lawful manner, viz: procure a search warrant in the manner prescribed by statute.

We cannot believe that the makers of the Constitution intended to license officers to go upon the property of

one in actual possession and occupancy and promiscuously search about with the hope or expectation of finding contraband goods, but, on the other hand, they proposed to prohibit such conduct by the provision in question.

For the reasons pointed out hereinabove, the judgment of the trial court will be reversed and the cause remanded for a new trial.