(116 So. 410)

**GOODEN v. TOWN OF CHILDERSBURG.**
(7 Div. 342.)

Court of Appeals of Alabama. April 10, 1928.

Appeal from Circuit Court, Talladega County;. R. B. Carr, Judge.

. D. Hardy Riddle, of Talladega, for appellant.

Harrison & Stringer, of Talladega, for appellee.

BRICKEN, P. J. On the trial of this case in the circuit court, witness Lightsey was permitted to testify, without objection:

"Mr. Kirkpatrick sent after me, and I was in the warehouse there, and he told me there had been some liquor out there at the back of the church, and told me to go watch it, and the man that came and picked up that liquor to arrest him."

He also testified in like manner, "And I told Mr. Will McDougal to come down in about 15 minutes and go with me." And further, on cross-examination, he stated, "They just told me there was some liquor hid out there." And witness McDougal testified, without objection, "Mr. Lightsey said, 'Come on and go with me.'"

██ The above evidence was hearsay, pure and simple, and upon objection would not have been allowed. But, as stated, no objection was interposed and no ruling of the court invoked; we are, therefore, unable to give the appellant the benefit of that fact, as the jurisdiction of this court is appellate only, and we are not authorized to declare error unless a ruling at nisi prius had been invoked. In other words, a trial court cannot be put to error, in the absence of a ruling on the question at or during a trial of the case.

██ The demurrers to the complaint were properly overruled. The assignments of error relating to the introduction in evidence of the ordinance are not well taken. The specific objections urged in brief, to the effect that the ordinance book was not sufficiently authenticated and identified, were not stated as grounds of demurrer upon the trial. But if this were not true, the objections were not well founded and appear hypercritical. The ordinance offered in evidence shows upon its face that it was signed by the mayor and attested by the town clerk, and in connection' therewith there was a certificate of the clerk to the effect that the ordinance had been duly published. Sections 1994, 1999, Code 1923.

This court has just considered the facts of this case sitting, en banc, and it is manifest that the principal insistence of error is the insufficiency of the evidence to sustain a conviction. We have reached that conclusion. We are of the opinion that the evidence for plaintiff did not measure up to the required rule, and as a consequence failed to overcome the presumption of innocence which attended the defendant upon this trial. The court is unanimous in the opinion that, under the evidence, the defendant should have been discharged. This point is properly raised and is sustained.

Reversed and remanded.