(123 So. 103)

**FLOYD et al. v. STATE. (2 Div. 424.)**

Court of Appeals of Alabama. June 18, 1929.

Gray & Dansby, of Butler, for appellants.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J. Appellants were convicted of the offense of petit larceny.

The testimony on the trial fairly supported, in its tendencies, the following respective contentions of the state and the appellants, as they were correctly stated by the learned trial judge in his oral charge, from which we quote:

"The State contends that these defendants sometime in December 1927 and in Choctaw County, Alabama, went down to some woods or range where one Elijah Stokley had hogs and that they then and there in company with others killed two sows that belonged to Stokley. The State contends they were in Stokley's mark and that they brought them out and sold one to Adam Traylor and took the other one home. The State contends that they butchered those hogs in the woods and removed the ears that contained the identification marks of the hogs or made an effort to conceal them. The State contends, that this property belonged to Stokley and that these defendants knew it and took those hogs with the intent to convert them to their own use and to deprive Stokley of the property."

"The defendants say they are not guilty. They say they went down there and got the

hogs but there is some conflict in their contention and the State's contention with respect to removing the ears. They contend they had hogs or their brother or some member of the family had hogs and that they went there and got the hogs under a claim of ownership and that they had a right to."

Appellants requested the following written charge:

"2. I charge you Gentlemen of the Jury that if you believe from the evidence the taking of the hogs was open and notorious and there was no subsequent attempt to conceal them and no denial but an avowal of the taking, a strong presumption arises that there was no felonious intent; which must be repelled by clear and convincing evidence before you can convict."

It was refused by the court.

So far as we can see, the charge mentioned is different in no essential respect from written charge 1 requested by the defendant in the case of Black v. State, 83 Ala. 81, 3 So. 814, 3 Am. St. Rep. 691. The Supreme Court, in the opinion in that case, held that it was error to refuse said charge, which holding, so far as we are advised, has never been overruled. We must so hold, here. Code 1923, § 7318. The charge was not abstract, nor can we find that it was in substance covered by, or included in, either the trial court's oral charge, or the written charge given at appellants' request.

We find no other error, but for that committed in the refusal of appellants' written requested charge 2, the judgment must be reversed and the cause remanded.

Reversed, and remanded.