158 So. 769

# BRAND v. STATE.
## 5 Div. 936.

Court of Appeals of Alabama.
Jan. 15, 1935.

Reynolds & Reynolds, of Clanton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.

A controversy arose between defendant and Mat Kirkland over a generator worth about $1.50. Defendant owned and sold the generator to Kirkland for $1.50; none of the purchase price being paid at the time. According to the state's evidence, this was a sale on credit without conditions. According to defendant's evidence, the generator was to remain the property of defendant until the $1.50 was paid. The amount was not promptly paid, but, after several months and much effort on the part of defendant to collect, Kirkland paid $1 of the amount, leaving a balance of 50 cents unpaid. Defendant made many efforts to collect this 50 cents, without success. One day defendant found Kirkland's truck, to which was attached the generator, standing in the road in front of the home of one Dago Ellison; he asked the inmates of the house for Kirkland, and was told he was not there. Defendant then, in the presence of the inmates of the house, openly and without any effort at concealment took the generator off of Kirkland's car and carried it away, and upon demand refused to replace it on Kirkland's car, claiming title by reason of the unpaid balance. Thereupon Kirkland swore out the warrant in this case.

If the sale of the generator was made on credit and the title passed to Kirkland on delivery, defendant had no right to repossess the property in the way he did, and the taking would be a civil trespass. A verbal mortgage of personal property is void under our statute. Code 1923, § 8033.

But, to constitute larceny there must be a felonious taking. If the defendant took

the generator in the honest belief that he had a right to do so, although this belief was erroneous, there would be no felonious intent.

 The whole evidence in this case, both for the state and defendant, rebuts any idea of felonious intent, and we think it would be wrong to allow the conviction to stand. Floyd v. State, 23 Ala. App. 216, 123 So. 103; Worrell v. State, 24 Ala. App. 313, 136 So. 737.

The motion for a new trial should have been granted. Judgment is reversed, and cause is remanded.

Reversed and remanded.