114 So.2d 385

Bob GARNER

v.

STATE of Alabama.

6 Div. 361.

Supreme Court of Alabama.

Sept. 3, 1959.

MacDonald Gallion, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The appellant, Bob Garner, and two others were indicted for murder in the first degree. Appellant demanded a severance and was tried alone and convicted and sentenced to life imprisonment.

Appellant has argued in his brief only one error, and we are persuaded that the argument is well taken.

In rebuttal the State, over the objection of the defendant, proved by witness Nunn that a few days before the alleged crime on which the defendant was being tried, one J. C. Evans knocked Nunn in the head and the appellant, Bob Garner, took Nunn's pocketbook.

Bevill & Bevill, Jasper, for appellant.

In overruling the defendant's objection, the trial court stated:

> "Gentlemen of the jury, I will state to you that under the law if the State can show a pattern of violating the law they have a right to introduce evidence to show that pattern, that is a similar offense committed by the person who is on trial. The testimony is competent testimony. Of course you are not trying this defendant on the issue of whether or not he had anything to do with this man being hit or whether he took his pocket book, but that evidence here is admissible to show if there was a pattern of offenses in which this defendant along with others participated in performing those acts. With that explanation I overrule the objection."

"Mr. Bevill: We except."

A somewhat similar statement appears in the oral charge of the court, to which the defendant also excepted.

■ The general rule is that in criminal prosecutions, evidence of prior criminal acts is not admissible since the only facts to be laid before the jury should consist exclusively of the transaction which forms the subject of the indictment, and which alone the defendant is called on to answer.

This rule, however, is subject to some well recognized exceptions. Evidence of other distinct criminal acts is admissible when relevant to the crime charged, as bearing on scienter, intent, motive, res gestae, or to establish the identity of the accused (and perhaps as bearing on the issue of insanity when that defense is pleaded in the case.—See "The Law of Evidence in Alabama" by Honorable J. Russell McElroy, § 61, pp. 19–20; I Wharton's "Criminal Evidence", 10th Ed., p. 156, § 41.) The authorities also recognize such an exception to show system or plan usually to identify the accused or to show intent. Wharton's, supra, p. 146, § 39. But even under the exceptions noted they or one of them is admissible only when the evidence is relevant to the crime charged. Noble v. State, 253 Ala. 519, 45 So.2d 857.

■ Stated another way, the State is not permitted to give in evidence other crimes alleged to have been committed by the defendant unless they are so connected by circumstances with the particular crime charged as that proof of one fact with its circumstances has some bearing on the issue on trial other than to show in the defendant a tendency or disposition to commit the crime with which he is charged. Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847; Wigmore on Evidence, 3rd Ed., Vol. 2, § 304.

This court as early as 1864, in Ingram v. State, 39 Ala. 247, reversed the trial court for its instruction to the jury to limit its consideration of prior acts of distilling "in aggravation of the fine but for no other purpose". The Ingram case mentions as inadmissible evidence of other distinct crimes when not related to the crime charged except where such evidence is "offered to prove scienter, or intent, or motive, or to make out the res gesta, or to establish identity". 39 Ala. 253. That case did not mention all of such exceptions, but we have noticed them above.

Several of our recent cases have discussed the same principle to the same result. For instance, in Brasher v. State, 249 Ala. 96, 30 So.2d 31, where the defendant was charged with having carnal knowledge of a girl over twelve, but under sixteen years of age, denounced by § 399, Tit. 14, Code 1940, evidence was held inadmissible as to the defendant's prior carnal acts toward a five-year old girl. The court stated:

> "The two acts were separate and distinct. They are in no sense intermixed or blended, one with the other, or connected so as to form parts of the same criminal transaction."—249 Ala. 98, 30 So.2d 33.

In Mason v. State, supra [259 Ala. 438, 66 So.2d 561], the defendant was on trial for the offense of robbery. The State was

permitted to prove that about the same time the defendant had committed several other robberies on other people and establishments. The court in that case entered into a lengthy discussion of the various exceptions to the general rule and the relevancy of evidence sought to be brought under them. We see no good purpose in an elaborate discussion of these exceptions now. (They are noted in the cases we cite.) In concluding that the evidence was inadmissible the court stated:

"As we see it the testimony in the present case shows four distinct and separate crimes which had no connection with each other except in point of time and except.that according to the evidence the defendant committed each robbery. We believe from a full and complete consideration of the matter that the allowance in evidence of proof of the other crimes, to which we have referred, was highly prejudicial and harmful to the appellant."

The case at bar is quite different from such cases as McKenzie v. State, 250 Ala. 178, 33 So.2d 488, where on trial for assault with intent to rape, the prosecution was permitted to show that about the same time the defendant had taken another victim to the same place under the same circumstances, and making the same pretenses, had committed an assault on this second victim, as tending to show the criminal intent with which he committed the assault on the person in the case under trial. This court there observed:

"And this principle is emphasized in the instant case by the further fact the proof as to the attack on Mrs. Outlaw followed the like pattern or technique as to Miss Eddins [prosecutrix], that is, luring her to the same secluded spot and first making use of the pretense of a lost bracelet and the like." 250 Ala. 180, 33 So.2d 490.

Also different from the case at bar is Wilder v. State, 30 Ala.App. 107, 1 So.2d 317 and Johnson v. State, 242 Ala. 278, 5 So.2d 632, where evidence of other offenses against the accused was admitted to establish identity where the crime had been committed by some novel or extraordinary means or in a peculiar or unusual manner, such evidence affording an inference of identity from the similarity of method; and in Wilkins v. State, 29 Ala.App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81, where the State was permitted to show the defendant's sexual conduct toward other white females as bearing upon intent where he was on trial for assault with intent to ravish and it was in doubt as to whether the defendant might have assaulted the prosecutrix with intent to rob her rather than to ravish her.

From a study of the foregoing authorities and many others not necessary to be cited, we conclude that the proffered evidence in the instant case, of a separate and distinct criminal offense, in no way related to the crime charged, and not coming within any of the exceptions noted, was erroneously admitted. As we see it, its only effect was to show defendant's character as a man who had been previously guilty of another and entirely distinct robbery. This cannot be done. Mason v. State, supra.

The view obtains that so long as the instructions of the court, supra, remained in the case, error to reverse prevailed. Vacalis v. State, 204 Ala. 345, 86 So. 92.

Reversed and remanded.

LAWSON, STAKELY, and MERRILL, JJ., concur.