216 So.2d 298

**Robert GRAHAM**

v.

**STATE.**

**3 Div. 335.**

Court of Appeals of Alabama.

Oct. 15, 1968.

Rehearing Denied Nov. 12, 1968.

Smith & Cruse, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The Grand Jury of Montgomery County, Alabama, indicted appellant jointly for the offense of burglary and grand larceny. After a plea of not guilty, appellant was tried by a jury and found guilty of grand larceny. He was sentenced by the court to a term of three years in the penitentiary. Following a denial of his motion for a new trial, appellant appeals from this judgment.

Mr. Hugh D. Weatherly was placed on the stand by the State and testified that he owned and managed the Weatherly Plumbing Co. in Montgomery; that on Monday, June 20, 1966, he discovered that a large box which had been delivered to this business the preceding Friday had been opened; that excelsior, straw and merchandise were all taken from the box; that a trail of excelsior and straw led to a door which was still locked; and that merchandise which had been contained within the box was missing. Weatherly stated that appellant had been employed by

a plumbing company which had an office located in the same building as his plumbing company.

J. L. Cochran, a Deputy in the Jefferson County Sheriff's Department, testified that on the date in question he was on routine patrol in Jefferson County and that approximately 150 or 200 feet off the travelled road on a woods road he saw appellant and another man standing at the back of an automobile.

Outside the presence of the jury, on a motion by the defense to exclude the evidence, Deputy Cochran testified in part as follows:

"Q. Mr. Cochran, let me ask you, have you ever seen the defendant before?

"A. Yes, sir.

*   *   *   *   *   *

"Q. What date was it, do you recall?

"A. June 20, 1966.

"Q. Where did you see him?

"A. It was off the main traveled road, what is known to us as the road from Turkey Creek to Crosston Community in Jefferson County, approximately 150 to 200 feet back out on a woods road.

"Q. What were you doing at that time?

"A. I was on routine patrol.

"Q. You were on routine patrol as part of your duties with the Police Department?

"A. Yes, sir.

"Q. Now, will you tell the Court what you saw, when you observed this man what was he doing?

"A. He was standing at the back of the vehicle.

"Q. Could you tell what he was doing?

"A. As I pulled in this road coming around this little curve the trunk was up, the trunk lid was up on the vehicle, him and another man was at the back of it. One of them throwed some object out into the bushes—I don't know what it was—and immediately slammed the trunk lid shut.

"Q. Did you have an opportunity to look in that trunk before the lid was slammed?

"A. Yes, sir, I seen in the trunk.

"Q. What did you see?

"A. I seen copper looking objects and chrome looking objects.

"Q. All right. Now, did you come up to the vehicle?

"A. Yes, sir.

"Q. After the lid was slammed down?

"A. Yes, sir.

"Q. Did you talk to the defendant?

"A. Yes, sir.

"Q. Did you find anything up around the vehicle?

"A. Yes, sir. There was copper tubing laying on the ground, new copper tubing that had been chopped up, broke up."

Deputy Cochran also testified that there were boxes lying on the ground around the car with the name "Weatherly Plumbing Co." on them. On cross-examination, he testified that one of the men gave him the keys to the car and that he (Cochran) opened the trunk.

Detective Harold V. Swann of the Jefferson County Sheriff's Department testified that he was called to the scene by Deputy Cochran; that Cochran had appellant and another man handcuffed together; that he observed plumbing fixtures and broken copper pipe and boxes bearing the name "Weatherly Plumbing Co." scattered about the automobile within an area of about 20 to 30 feet; and that the trunk of the automobile, which was open when he

arrived, was "almost full, completely full of plumbing fixtures," and contained boxes bearing the name of "Weatherly Plumbing Co.".

Appellant moved to exclude the evidence found in the trunk of the automobile on the ground that he was illegally arrested and that there was an illegal search and seizure. The court then conducted a hearing outside the presence of the jury to determine the admissibility of such evidence. At the hearing Deputy Cochran testified as herein set out as to how he drove up on appellant, observed what he and another man were doing, observed the plumbing fixtures lying on the ground around the automobile, and how he (the witness) opened the trunk of the automobile. The court properly denied the motion to suppress the evidence.

◼ We consider the search of the trunk was not an illegal search and seizure as the Deputy had probable cause to believe that contraband was hidden within the car and that escape or loss of evidence was imminent. Carrol v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

In *Carrol*, supra, the Supreme Court of the United States stated:

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law."

"The measure of legality of such a seizure is, therefore, that the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband * * *"

In Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, the court stated that:

"In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not techni-

cal; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.

" 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' McCarthy v. De-Armit, 99 Pa. 63, 69, quoted with approval in the Carrol opinion. 267 U.S. at page 161, 45 S.Ct. at page 288, 69 L.Ed. 543, 39 A.L.R. 790. And this 'means less than evidence which would justify condemnation' or conviction * * *"

In Pearson v. United States, 10th Cir., 1945, 150 F.2d 219, the Court of Appeals there stated that:

"This all adds up to the conclusion that probable cause justifying a search without a warrant exists where the facts or reasonable inferences deductible therefrom should lead a reasonably prudent and intelligent person to conclude that there is good ground to believe that the law is being violated."

Summarily, the finding of probable cause in the instant case would have to be based upon the following facts: Deputy Cochran, patrolling along on a woods road about 150 to 200 feet off the travelled road, drove up behind two men who were throwing objects out of the open trunk of an automobile onto the ground; when they saw him, the trunk was slammed shut but not before the Deputy observed chrome and copper colored objects in the trunk; the Deputy also observed that plumbing fixtures, broken up copper pipe, and boxes labelled "Weatherly Plumbing Co." were scattered about on the ground immediately surrounding the automobile; and the Deputy's knowledge of the fact that there had been numerous burglaries in that area recently. Deputy Cochran testified on cross-examination that he knew that the two men were destroying merchandise to set it up as junk to be sold.

From the above cited facts, we conclude that the Deputy had probable cause to conduct a search of the trunk of the automobile. He had observed the "chrome and copper colored" objects in the trunk when he first drove up. Thus, he knew that the trunk did contain something and, judging from the pipe, fixtures, boxes, etc., which he observed lying on the ground around the automobile, it was reasonable for him to conclude that more of the same was contained within the trunk. The Deputy, acting on the exercise of his own senses, had reasonable and probable cause to believe that contraband was contained within the automobile.

Under these circumstances, where the Deputy observed the highly incriminating actions of appellant, apparently throwing away what was new, unused plumbing fixtures, coupled with the fact that he was alone, the Deputy had probable cause to conduct the search.

█ Appellant excepted to the court's oral charge to the jury which stated in part as follows:

"It is the law that any person found in the possession of recently stolen property is presumed to have stolen it unless he gives a reasonable explanation how it comes in his possession."

We have recently, in Odom v. State, 5 Div. 714, 44 Ala.App. 534, 215 So.2d 596, held erroneous an instruction which states that the unexplained possession of recently stolen goods raises a "presumption" of guilt. In so deciding, we cited the case of Coats v. State, 257 Ala. 406, 60 So.2d 261, wherein the Supreme Court of Alabama stated in part that:

"[C]are has not been taken in all the cases to differentiate a presumption of guilt arising from that situation and an inference which the jury is justified in drawing on account of it."

As cited in *Coats*, supra, the safest rule is that set out in Orr v. State, 107 Ala. 35, 18 So. 142, which was originally promulgated in Underwood v. State, 72 Ala. 220, and which states in part as follows:

"The recent, actual, unexplained possession of stolen goods, is a fact from which the jury may infer the complicity of the defendant in the larceny. Whether it is sufficient evidence of guilt, is a question for their determination. There may be cases in which it would stand alone, unconnected with any other criminating fact, and from it the jury would not probably infer guilt. Whether the inference is just and reasonable—whether the fact satisfies the minds of the jury as reasonable men, beyond all reasonable doubt, of the guilt of the accused—the court can not determine."

Thus, the trial court cannot state as a matter of law that a "presumption" arises as to the guilt of the defendant due to the unexplained possession of recently stolen goods but can only instruct the jury that unexplained possession of recently stolen goods is a fact from which the jury may infer guilt, and whether there is sufficient evidence of guilt is for the determination of the jury.

We, therefore, conclude that in the case at bar, the instruction to the jury was erroneous. Consequently, the judgment in this cause must be reversed and the cause remanded.

Reversed and remanded.

PRICE, P. J., and CATES, J., concur in the result.