258 So.2d 913

**Jeff YOUNGBLOOD, alias**

**v.**

**STATE.**

· **5 Div. 62.**

Court of Criminal Appeals of Alabama.

Feb. 29, 1972.

John S. Glenn, Opelika, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

**PRICE, Presiding Judge.**

The appellant, Jeff Youngblood, was convicted of burglary in the second degree and was sentenced to six years in the penitentiary.

A cabin belonging to Louis W. Phillips, located on the backwater of the Chattahoochee River in Lee County, was broken into on the night of August 17, 1970, and some articles, including a radio and floor sweeper were stolen. The same night state's witness J. D. Jones heard a noise at a neighboring cabin, which sounded like "somebody with an axe or hammer or something hitting a wall." He saw a Ford automobile with a loud muffler, "Every time it would go to change gears, the muffler would get loud like the transmission was tore up in it." This was the second time that night he had heard the automobile at that cabin. Before leaving home the witness had given his wife the sheriff's telephone number and she was standing at the phone when he left.

Deputy Sheriff John Estes testified that shortly after midnight August 17–18, 1970, he and another officer were patrolling highway 37 in Lee County when they received a call from the sheriff's office with the description of a certain automobile. As a result of said call he drove to the area of the Phillips cabin and stopped an automobile of the same description as the one which had been reported to him. The car was coming out of a side road from the cabin into the dirt road. The witness stated: "As the car got almost right in the road I pulled up close to the car and turned my blue light on; I got out and came around to the driver's side of the car and I shined my flashlight into the car as I walked up. Mr. Youngblood was sitting in the rear seat and there was a lamp laying on the seat beside him, a radio and articles of clothing." The automobile was not searched. Two women and a man were in the front seat. The driver said they had permission to be in the cabin. Witness radioed the sheriff's office to call the owner of the cabin in Phenix City to see if they had permission but was unable to get him. He then told the four they would have to come to the sheriff's office while they checked the story out. They were placed under arrest at the jail. The automobile belonged to Mrs. Mary Renfroe and she was driving it at the time.

The witness turned the radio over to Deputy Watkins who testified he showed it to Louis W. Phillips. Mr. Phillips testified the radio belonged to him and was the radio that was in his cabin.

When the state had rested its case in chief defense counsel moved to exclude the evidence on the grounds, (1) that the evidence was seized as the result of an illegal arrest and, (2) "that the evidence of stolen property of the complainant, Mr. Louis W. Phillips, was improperly admitted to the attention of the jury, consisting of a radio and some pillows and an outboard motor, I believe. No, I beg your pardon, some pillows and a sweeper." The motion was overruled.

The radio message to the officers concerning the activity at the cabin was sufficient to justify the stopping of the automobile. Spurlin v. State, 46 Ala.App.

485, 243 So.2d 758. The articles introduced in evidence were exposed to plain view and were not seized as the result of a search. Sheridan v. State, 43 Ala.App. 239, 187 So.2d 294; Vincent v. State, 284 Ala. 242, 224 So.2d 601.

The court charged the jury, "Now, as to the possession of recently stolen goods. The court charges you, lady and gentlemen of the jury, that the unexplained possession of recently stolen goods is a fact from which the jury can infer guilt and that whether there is sufficient evidence of guilt is for the determination of the jury."

The defendant reserved an exception to "that portion of the court's charge wherein the court said in substance, 'The unexplained possession of stolen property by the defendant alone is sufficient evidence from which you may infer guilt.' Those may not be the words, but in substance, and we except to that."

By the Court:

"Well I don't remember the exact words I put it in, but I did say this that the unexplained possession of recently stolen goods is a fact from which the jury could infer guilt and that whether there is sufficient evidence of guilt is for the determination of the jury, and I cite the case of Graham v. State, [Ala.App.] 216 So.2d 298, cert. denied, [283 Ala. 714] 216 So.2d 302."

The language in the case cited by the trial court, Graham v. State, 44 Ala.App. 554, 216 So.2d 298, certiorari denied, 283 Ala. 714, 216 So.2d 302, supports the court's ruling.

The cause is due to be and hereby is affirmed.

Affirmed.

CATES, ALMON and TYSON, JJ., concur.