310 So.2d 260

**Johnny E. SAVANT, alias**

v.

**STATE.**

**6 Div. 822.**

Court of Criminal Appeals of Alabama.

March 18, 1975.

George M. Higginbotham, Bessemer, for appellant.

William J. Baxley, Atty. Gen., and David L. Weathers, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Assault upon a peace officer with a deadly instrument: sentence, fifteen years imprisonment. See § 3 of Act No. 746, September 8, 1967 [Michie's Code, T. 14, § 374(20)].

Appellant's counsel argues, in part, as follows:

"The appeal in this matter is limited to a single assignment of error. The issue is whether the trial court committed error during appellant's trial for assaulting a peace officer with a deadly weapon by allowing evidence to be admitted that a separate and independent crime had been committed in the area where the assault upon the peace officer occurred. (TR p 7) The general rule in Alabama is that in criminal prosecutions, evidence of prior criminal acts is not admissable [sic]. Garner v. State, 269 Ala. 531; 114 So.2d 385. * * *

"The appellant was identified by Lt. Lawley as the person who fired the shot at him. (TR p 13) The crime of assault upon a peace officer with a deadly weapon is a distinct act, a crime unto itself, which requires no scienter, intent or motive. This evidence illicited [sic] by the State from Lt. Lawley, if believe by the jury, would be sufficient for appellant's conviction.

"* * * Testimony of Ward Proctor (TR p 5) shows an independent crime which is not related to the offense of assault upon a peace officer. The evidence of Ward Proctor is that there was a breaking and entering on the same day that Lt. Lawley was allegedly fired upon by the appellant. There is an interval of six (6) hours during which time Mr. Proctor's home was broken into

and entered. (TR p 6) Mr. Proctor left his home at 7:00 a. m. on June 7, 1973. (TR p 6) Lt. Lawley discovered there had been a break in at the Proctor home at 1:15 p. m. (TR p 10) There is, however, no evidence in the record that appellant was connected with the breaking and entering. The closest point that the person identified as the appellant was seen in relationship to the Proctor home was over 100 yards. * * *"

We consider that the putative breaking and entering of Ward Proctor's home illustrates the occasion of Lt. Lawley's being engaged [1] in his official capacity (i. e., investigating crime) which is one of the elements of the offense which the State had to prove.

We have considered the entire record under Code 1940, T. 15, § 389. The judgment below is

Affirmed.

All the Judges concur.

1. "Whenever any peace officer or other law enforcement officer of this state or any political subdivision of this state shall be engaged in the active discharge of his lawful duty or duties, it shall be unlawful for any person to commit any assault with a deadly instrument upon such officer, and any person guilty of such assault with a deadly instrument shall be guilty of a felony, and upon conviction shall be imprisoned in the penitentiary for not less than two years nor more than twenty years." § 3, Act No. 746, supra.