**STATE of Tennessee, Appellee,**

v.

**David C. DOELMAN and James F. Pensoneault, Appellant.**

Court of Criminal Appeals of Tennessee, At Jackson.

June 4, 1981.

Permission to Appeal Denied by Supreme Court Aug. 10, 1981.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, Robert B. Smith, Asst. Dist. Atty. Gen., Savannah, for appellee.

W. Lee Lackey, Savannah, for appellant.

## OPINION

WALKER, Presiding Judge.

The appellants, David C. Doelman and James F. Pensoneault, were convicted in the Circuit Court of Hardin County of manufacturing and possession with intent to sell marijuana, TCA 52–1432(a)(1)(F), and in accordance with the verdict each was sentenced to not less than two nor more than five years' imprisonment and fined $3000. Both appellants now appeal to this court. We find no reversible error and affirm the convictions.

In the first issue presented for review, the appellants challenge the sufficiency of the evidence. The state's proof, which the jury accredited, showed that on October 11, 1979, a five-acre field of marijuana and sunflowers was discovered during a search of appellants' 57.5 acre farm in Hardin County. Although the suspected marijuana was never scientifically tested, several officers who had had some training in marijuana recognition identified the suspected plant substance as, in fact, being marijuana.

The suspected marijuana was destroyed prior to the trial and, thus, none of the plant substance was admitted into evidence. Photographs of the field, however, were introduced. In addition, both appellants made pretrial confessions admitting that they were growing marijuana to sell out of state. Clearly, the evidence is sufficient to justify a rational trier of fact in finding appellants guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Rule 13(e), T.R.A.P.

In the next issue presented for review, the appellants contend that the search of their farm was in violation of both the United States and Tennessee Constitutions and, thus, the testimony and photographs of the suspected marijuana found on their property and their subsequent confessions should have been suppressed.

The proof with regard to the search showed that on October 11, 1979, Deputies Jim Winborn and Wallace Stanfill were advised by two informants that the appellants were growing marijuana on their farm. Deputy Stanfill notified the sheriff of this information while Deputy Winborn went with the informants to the suspected marijuana field. In route to the field, Winborn traveled by truck off of a public road onto an old log road as far as the terrain would permit; he then walked over a half mile through a heavily wooded area until he came upon the suspected field. Winborn then waited until the sheriff arrived before taking any further action.

Eventually the sheriff and several deputies arrived with a search warrant, at which time the appellants' house on the premises was searched and appellant Doelman was arrested. Suspected marijuana was also found in the house. The house was in a separate clearing 300 to 400 feet from the field, was separated from the field by a heavily wooded area, and was not enclosed within a fence. The house was not seen by Winborn until after the suspected marijuana field was discovered. The proof did not show that the farm was fenced or posted.

At the hearing on the motion to suppress, the trial judge found the search warrant invalid in that the affidavit contained a misrepresentation by the affiant. The trial judge ordered all evidence with regard to what was discovered inside the house suppressed. However, the trial judge refused to suppress any other evidence based on his conclusion that Deputy Winborn's observation of the field was within the "open

fields" exception to the warrant requirement.

On appeal, the appellants, citing *State v. Lakin*, 588 S.W.2d 544 (Tenn.1979), contend that the trial judge erred in finding the farm to be outside the scope of the warrant requirement. The appellants contend that Deputy Winborn's entry upon their land was in violation of the Fourth Amendment to the United States Constitution and Article I, Section 7, of the Tennessee Constitution. In *Lakin* our Supreme Court noted that for purpose of the "open fields" doctrine these constitutional provisions have somewhat different meanings.

■ Under the federal constitution, Winborn's actions in coming upon the farm were subject to the warrant requirement if the appellants had a legitimate expectation of privacy in the area searched. *State v. Wert*, 550 S.W.2d 1 (Tenn.Cr.App. 1977); LaFave, 1 Search and Seizure, sec. 2.4(a)(1978); 1 Wharton's Criminal Procedure, sec. 150 (12th ed., C.E. Torcia, 1974). Given the physical state of the land in this case (heavily wooded area without any indicia of private ownership) a reasonable person might have concluded that the area traversed was open to the public and not subject to the privacy which attaches from private ownership. The appellants had no legitimate expectation of privacy.

However, as pointed out in *Lakin*, the Tennessee Constitution is somewhat more protective of private property rights. Article I, Section 7 of the Tennessee Constitution, among other things, protects "possessions" from unreasonable searches and seizures. In *Welch v. State*, 154 Tenn. 60, 289 S.W. 510 (1926), the Supreme Court stated that the word "possessions" was placed in the Constitution to limit searches of real and personal property which was in actual possession and occupancy. Citing 31 Cyc. 926, the court noted that "actual possession" is usually evidenced by occupation, substantial enclosure, cultivation or use. The court held, however, that the word "possessions" would not include "wild or waste lands, or other lands that were unoccupied."

In this case the record fails to show that the land traversed by Winborn prior to discovering the marijuana field was occupied, enclosed, cultivated, or in actual use by the appellants. Nothing indicates that the portion of the farm traversed was anything other than wild and unoccupied land.

The evidence does not preponderate against the trial judge's finding that the area searched was not protected by either the United States or Tennessee Constitutions.

■ The appellants next contend that, despite our holding that the search of their farm was outside the scope of constitutional protection, the results of the search should have been excluded because of the faulty search warrant. This contention is clearly without merit. The validity of a search warrant is of no consequence if the search is justified on other grounds. Cf. *Searles v. State*, 582 S.W.2d 391 (Tenn.Cr.App. 1979).

■ In a related issue, the appellants contend that their confessions should have been excluded because they were the fruit of the illegal search of their residence. This issue has not been briefed by appellants as required by Rule 27(a)(7), T.R.A.P., and thus, it has been waived. Nevertheless, the proof fails to show that appellants were confronted with any of the illegally obtained evidence. In addition, in the context of this case, where the legally and illegally seized evidence is identical in nature, the illegally seized evidence would have had little, if any, effect in inducing a confession.

■ Next, the appellants claim that the trial judge erred in allowing the law enforcement officers to identify the plant substance as being marijuana. The state's foundation proof for admission of this testimony established that the officers were experienced in narcotics investigation and detection and, thus, this issue is without merit. *Armstrong v. State*, 548 S.W.2d 334 (Tenn.Cr.App. 1976).

The appellants next complain that the trial judge refused to excuse three prospective jurors for cause when it appeared that

they had formed opinions about the case from pretrial newspaper publicity. They argue in particular that the trial judge improperly rehabilitated the jurors, and they call attention to the committee comments to Rule 24, Tenn.R.Crim.P.

 It is proper for the trial judge to take part in the examination of jurors. Qualified jurors need not be totally ignorant of the facts and issues involved. *Lackey v. State*, 578 S.W.2d 101 (Tenn.Cr.App. 1978); *Murphy v. State*, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975). Any juror who indicated partiality on the voir dire examination was either excused for cause by the court or was challenged peremptorily. The three jurors in question were challenged peremptorily, by whom the record does not show. In any event, no juror challenged for cause sat on the case.

 Furthermore, a defendant must not only exhaust his peremptory challenges, but he must also challenge or offer to challenge an additional prospective juror in order to complain on appeal that the trial judge's error in refusing to excuse for cause rendered his jury not impartial. *Wooten v. State*, 99 Tenn. 189, 41 S.W. 813 (1897). This issue is without merit.

All issues presented for review have been fully considered and are found to be meritless.

The judgment is affirmed.

DUNCAN and CORNELIUS, JJ., concur.

CORNELIUS, Judge, concurring.

I concur in Judge Walker's opinion. I do not recede from my dissent in *State of Tennessee v. Hamilton Blackstone*, Court of Criminal Appeals at Knoxville, filed September 24, 1980. In the instant case the appellants made pre-trial confessions admitting that they were growing marijuana to sell out of the state (in New York).