# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 22, 2001 SESSION

## STATE OF TENNESSEE v. JERRY RAY SIMPSON

### Appeal from the Circuit Court for Blount County
### Nos. C-11421 and C-11422     D. Kelly Thomas, Jr., Judge

---

### No. E2000-02277-CCA-R3-CD
### August 10, 2001

---

A Blount County jury convicted the Defendant, Jerry Ray Simpson of driving under the influence and driving on a revoked license. In this appeal as of right, the Defendant raises the single issue of whether the trial court erred by failing to strike an alternate juror for cause due to his employment as a police officer in an adjacent jurisdiction. Finding no error, we affirm the trial court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and ROBERT W. WEDEMEYER, J., joined.

Danny C. Garland, II, Knoxville, Tennessee (on appeal); Robert Cohen, Maryville, Tennessee (at trial), for the appellant, Jerry Ray Simpson.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; Michael L. Flynn, District Attorney General; and John Bobo, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 7, 1996, Officer Chad Simpson of the Maryville Police Department arrested the Defendant for driving under the influence and driving on a revoked license. At Defendant's trial, the single witness for the State was Officer Simpson, and the defense only presented the testimony of the Defendant. Officer Simpson testified that he had received several calls about a disturbance on Keebler Street in Maryville, Tennessee. When he responded, he encountered the Defendant skidding his tires and revving his engine in the middle of the street. Simpson had the Defendant turn off his engine and get out of his truck. He asked to see the Defendant's license, but the Defendant could not produce a license. Simpson testified that he knew the Defendant was intoxicated, based upon the Defendant's speech, conduct and smell. He asked the Defendant to take a sobriety test and a blood alcohol test, but the Defendant refused. Simpson got the Defendant's name and birthday and

checked his record. He discovered that the Defendant was driving on a revoked license. Simpson arrested the Defendant and took him in for booking, where he was photographed and fingerprinted. In his testimony, the Defendant denied the entire incident and stated that he was not intoxicated on that night.

During voir dire, counsel for the State and the Defendant questioned Jason Best, a potential alternate juror, regarding his employment as a transportation officer with the Knoxville Police Department. The colloquy was as follows:

Mr. Bobo [Prosecutor]: And what do you do for the Knoxville Police Department, sir?

Juror Best: I'm a transportation officer.

Mr. Bobo: The fact that you work for a law enforcement agency, are you going to give more weight to this gentleman's testimony here, because he's a law enforcement officer?

Juror Best: I don't believe so. Everybody is innocent until proven guilty.

Mr. Bobo: Think you can be fair to both sides and listen to the proof?

Juror Best: Yes, sir.

\* \* \*

Mr. Cohen [Defense]: Do you think you personally have got a pretty good handle on whether or not they're intoxicated just by being able to observe them?

Juror Best: Pretty good, yes, sir.

Mr. Cohen: Well, then, if we've got -- I know he's not with the same police department as you, but we've got an officer with the Maryville Police Department who is probably going to testify that he's got a pretty good idea, a pretty good -- he's pretty well able to tell, to form a good opinion as to who's intoxicated and who's not. Are you likely to give his testimony more weight just because of your personal experience that you feel you can judge that and if he says so, then it must be so?

Juror Best: Like I said, it's just be based on what he said, I guess. As far as I know, I mean, it's what he says and -- I mean, if he says

he does have that, [sic] it's just . . . what I do, I'm the transport. I don't make arrests. Yes, I do see a lot of persons that are intoxicated. And yes, I mean, by looking at somebody, yeah, I can tell, I mean, if they're intoxicated or not. But I guess it would just be based on what the officer says, I'd have to take my judgment from that.

Mr. Cohen:                    Thank you.

At this point, the parties presented their peremptory challenges to the trial court for juror Best and another potential alternate juror. The trial court excused the other juror and announced that juror Best would be the alternate juror. The defense did not object to juror Best being chosen as the alternate, and did not ask the trial court to strike juror Best for cause.

## ANALYSIS

The Defendant argues that the trial court erred in permitting Best to serve as an alternate juror. A defendant has the right to a fair trial with an impartial jury, but such a right does not include the right to any particular jurors. See State v. Smith, 857 S.W.2d 1, 20 (Tenn. 1993). Additionally, Tenn. R. Crim. P. 24(b) gives the trial judge the right to excuse a juror for cause without examination of counsel. Furthermore, our supreme court has held that "[j]urors need not be totally ignorant of the facts of the case on which they sit [and even] the formation of an opinion on the merits will not disqualify a juror if [he] can lay aside [his] opinion and render a verdict based on the evidence presented in court." State v. Howell, 868 S.W.2d 238, 249 (Tenn. 1993).

Here, the juror testified that he could serve as a fair and impartial juror. The Defendant asked the juror if he would be biased and the juror replied that he would not. The Defendant did not exercise his peremptory challenges to strike the juror. Neither did the Defendant challenge the selection of the juror and request that he be stricken for cause by the trial court. "[A] defendant must not only exhaust his peremptory challenges, but he must also challenge or offer to challenge an additional prospective juror in order to complain on appeal that the trial judge's error in refusing to excuse for cause rendered his jury not impartial." State v. Doelman, 620 S.W.2d 96, 100 (Tenn. Crim. App. 1981). It is clear the Defendant did not challenge the selection of juror Best. Moreover, there is nothing in the record to indicate that juror Best actually served on the jury. Therefore, any error in refusing to excuse him for cause does not, in itself, entitle the Defendant to a new trial. See State v. Thompson, 768 S.W.2d 239, 246 (Tenn. 1989).

For the foregoing reasons, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE