**Claude Cornelius HOOPER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24429.**

United States Court of Appeals
Fifth Circuit.

Jan. 17, 1968.

tax losses [i. e. Union and Overseas] arose from non-jurisdictional oil activities."

John Tucker, Birmingham, Ala., for appellant.

R. Macey Taylor, Melton L. Alexander, Asst. U. S. Attys., Birmingham, Ala., Macon L. Weaver, U. S. Atty., for appellee.

Before RIVES, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

A jury found Claude Cornelius Hooper guilty of possession of an unregistered distillery, 26 U.S.C. § 5179, possession of non-tax-paid whiskey, 26 U.S.C. § 5205, and of working in an unregistered distillery, 26 U.S.C. § 5681. Hooper seeks reversal, relying primarily on Vick v. United States, 5 Cir. 1954, 216 F.2d 228, which held that mere presence at a still and attempted flight from a raid is insufficient evidence to sustain a conviction for these crimes. See also United States v. Romano, 1965, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210. However, where there is additional proof, the jury's conclusions of guilt may be warranted. McFarland v. United States, 5 Cir. 1960, 273 F.2d 417. We find from the following facts sufficient evidence "from which the jury may infer guilt beyond a reasonable doubt." Id. at 419:

(1) Before his attempted flight Hooper was surrounded by 90 one-gallon glass jugs containing whiskey, a tub containing approximately five gal-

This is a matter which the Commission should resolve when its final order, consistent with this opinion, is rendered.

lons of whiskey, and a truck containing fifteen gallons of whiskey;

(2) All of the whiskey in the glass jugs and the tub was hot; expert testimony advises that immediately after the distilling process whiskey is hot;

(3) Hooper wore boots with a distinctive thread design identical to that imprinted in the ground in and around the still yard;

(4) Hooper was not wearing a jacket, and a jacket of his size, which was large, was discovered in the still yard;

(5) The distillery was complete in every detail, and contained three 846 gallon stills, of which two were filled with "live" mash and a third was boiling fermented mash.

Our examination of the record convinces us that the other errors alleged are without merit.

Affirmed.