**James D. ATWELL and Melvin Edmon Surrett, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 26063.**

United States Court of Appeals Fifth Circuit.

July 10, 1969.

Rehearing Denied Aug. 6, 1969.

---

Thomas M. Haas, Mobile, Ala., for appellants.

Vernol R. Jansen, Jr., U. S. Atty., Don Conway, D. Broward Segrest, Asst. U. S. Attys., Mobile, Ala., for appellee.

Before THORNBERRY and AINSWORTH, Circuit Judges, and DAWKINS, District Judge.

THORNBERRY, Circuit Judge:

This is an appeal from a conviction by jury under the second count of a two-count indictment.[1] The count charged a

1. Appellants were found not guilty of count one of the indictment, charging violation of 26 U.S.C. § 5222(a), illegal manufacture of distilled spirits.

**138**

violation of 26 U.S.C. § 5179(a), unlawful possession of an unregistered distilling apparatus. We affirm as to appellant Surrett, but reverse as to appellant Atwell.

## I.

■ The record shows that the still in question was located approximately 250 yards from the back of a house in the open land beyond the curtilage of the house. Appellants argue that the Government should have proved that there was not an unlawful search or seizure before being allowed to introduce any testimony regarding what the officers saw at the still site. But inasmuch as the protection of the Fourth Amendment against unreasonable searches and seizures does not extend to "open fields," there was no unreasonable search. *See, e.g.,* Hester v. United States, 1924, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898; Monnette v. United States, 5th Cir. 1962, 299 F.2d 847. Moreover, even if the officers were trespassing on private property, a trespass does not of itself constitute an illegal search. Monnette v. United States, *supra*; United States v. Young, 4th Cir. 1963, 322 F.2d 443. Accordingly, it was not error for the trial court to admit testimony regarding what the officers saw at the still.[2]

## II.

■ Next, appellants argue that "in the absence of operation, one cannot be convicted on the charge of possessing and having in custody an illegal still." It is true that in United States v. Romano, 1965, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed. 2d 210, the Court held that "the crime of possession could not validly be inferred from mere presence at the still site." But *Romano* clearly does not require that

the defendants be shown to have operated the still to sustain a charge of unlawful possession. Although mere presence is not sufficient, so long as there is sufficient evidence other than mere presence, a conviction may be sustained. *See, e.g.,* Hooper v. United States, 5th Cir. 1968, 388 F.2d 392. The issue therefore becomes one of whether the evidence presented, other than "mere presence," was sufficient to establish guilt of illegal possession beyond a reasonable doubt.

Since we reach a different result as to each of the appellants, we now deal with their cases separately.

### APPEAL OF MELVIN EDMON SURRETT

■ The undisputed testimony against Surrett is that he drove an automobile without headlights after dark down a private road leading to the still; that he got out of the car and inspected the fermenting mash by raising the lid on the barrel and looking into it with a flashlight; that visible in the car were 1,740 pounds of sugar and a 500-bag bale of #1600 paper bags of the same size and shape commonly used by whiskey operators to package one-gallon glass jugs. This evidence was clearly sufficient to warrant the jury's finding of guilt beyond a reasonable doubt. See Sparks v. United States, 5th Cir. 1968, 394 F.2d 814; Mauldin v. United States, 5th Cir. 1964, 328 F.2d 779; Icenhour v. United States, 5th Cir. 1951, 187 F.2d 663.[3] We affirm the conviction of Surrett.

### APPEAL OF JAMES D. ATWELL

The officers testified that shortly after arresting Surrett at the site of the still, they walked up the still road near the residence. Shortly thereafter, at about 6:10 P.M., Atwell came out of the house, walked across the yard to where

2. The officers also testified that they found sugar and paper bags in Surrett's car. It is not clear that Surrett challenges the admission of this testimony, but such an argument would be untenable since the sugar and paper bags contained in the automobile were plainly visible from the outside of the car when the officers flashed

a light into the car. See Richardson v. United States, 5th Cir. 1966, 360 F.2d 366, 368.

3. We therefore find no merit in Surrett's contention that there was insufficient evidence to justify the trial court's charge on constructive and actual possession.

some butane tanks "were laying on the edge of the yard in the still road and flashed a light on the butane tank," at which point he was arrested. The evidence also shows that the truck[4] in which the Government claims Atwell arrived at the house contained electrical wiring similar to the wiring which connected the residence and the still (the residence did not belong to Atwell) and two or three paper bags similar to those found in Surrett's car; and that there were freshly made grayish scratches on the bed of the truck which could have been made by the butane tanks.

Viewing the evidence in the light most favorable to the Government, it would appear that Atwell brought the butane tanks in the truck and dropped them in the still road after Surrett had driven down toward the still. The Government argues that the evidence shows that "Atwell was bringing butane gas to fire the cooker," which was shown to contain butane burners.

■ On balance, however, we conclude that the evidence presented was insufficient to sustain the conviction. The butane tanks Atwell was inspecting were located, according to the arresting officers, approximately 250 yards from the still "on the edge of the yard in the still road." Atwell was not present at the site of the still. Assuming that Atwell did, as the Government urges, bring the butane tanks after Surrett drove down the road, there is no evidence, other than the fact the still was fired by butane burners, that would tend to connect the butane tanks and the still. Indeed, the question arises why the tanks were dropped at the edge of the yard rather than taken on to the still. The evidence here falls far short of the evidence presented in the cases cited by the Government in its brief. For example, in McFarland v. United States, 5th Cir. 1960, 273 F.2d 417, there was evidence of the defendant's presence at a

well-concealed still in the dead of night, flight, admissions of previous visits to the still, and control over the still. 273 F.2d at 419. In Hooper v. United States, 5th Cir. 1968, 388 F.2d 392, 393, defendant, before his attempted flight, was surrounded by 90 jugs, a tub containing five gallons of whiskey and a truck containing fifteen gallons; the whiskey in the tub was hot; and the defendant was connected with the still both by his boot marks and his jacket. Here, Atwell was not present at the site of the still, there was no attempted flight, and there is no direct connection between the butane tanks he was inspecting and the still. The bags and wiring furnish some connection with the still, but it is a tenuous connection at best. *See* United States v. Romano, *supra*; Vick v. United States, 5th Cir. 1954, 216 F.2d 228; Williams v. United States, 5th Cir. 1966, 361 F.2d 280; Pinion v. United States, 5th Cir. 1968, 397 F.2d 27; McMillian v. United States, 5th Cir. 1968, 399 F.2d 478. We reverse the conviction of Atwell.

Affirmed in part: reversed in part.

---

4. No proof was made to the jury that Atwell owned the truck in question. Nor did anyone testify that Atwell was seen driving the truck; but there was testimony from which the jury could infer that he had driven the truck to the house.