Commonwealth *v.* Robbins, Appellant.

Argued December 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Maier Segal,* for appellant.

*Steven Harris,* Assistant District Attorney, with him *Charles J. Conturso,* Assistant District Attorney, *Oscar Bortner,* First Assistant District Attorney, and *Ward F. Clark,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 19, 1970:
Judgment of sentence affirmed.

———

CONCURRING OPINION BY HOFFMAN, J.:
On the night of June 10-11, 1965, police officers conducted a search of a wooded area belonging to appellant. The wooded area was located approximately twenty-five feet from the edge of the lawn in front of appellant's house. The officers found in this area certain marijuana plants, which were used in evidence against appellant on a charge of unlawful possession of narcotics. Appellant filed a petition to suppress the evidence on the ground that the plants were seized without a proper warrant. This petition was denied. From judgment of sentence, this appeal followed.

Since the search was conducted before December 18, 1967, I would not decide whether appellant's reasonable expectation of privacy in the wooded area, *Katz v. United States,* 389 U.S. 347, 88 S. Ct. 507 (1967), was violated by the instant search. *Desist v. United States,* 394 U.S. 244, 89 S. Ct. 1030 (1969) ; *Commonwealth v. Hernley,* 216 Pa. Superior Ct. 177, 263 A. 2d 904 (1970) (concurring opinion). We must apply,

therefore, the prior rule of law set forth in *Hester v. United States*, 265 U.S. 57, 44 S. Ct. 445 (1924).*

*Hester* held that Fourth Amendment protection did not extend to "open fields", i.e., privately owned grounds or outbuildings which are not located in close proximity to the owner's dwelling. See, e.g., *United States v. Sorce*, 325 F. 2d 84 (7th Cir. 1963). See also 1 Amsterdam, Segal and Miller, Trial Manual for the Defense of Criminal Cases §244 (1967). Protection was given, however, to "curtilage", i.e., to outbuildings closely proximate to the owner's building, see, e.g., *United States v. Mullin*, 329 F. 2d 295 (4th Cir. 1964), and probably to open ground areas closely proximate thereto, see, e.g., *Hobson v. United States*, 226 F. 2d 890 (8th Cir. 1955).

The plants seized by the officers, however, were not within appellant's "curtilage". They were not closely proximate to appellant's house. They were removed from the domesticated portion of his ground, i.e., the lawn, and were lying in what was admittedly a "wooded area". There was no fence which enclosed the area in which the plants were found. There was no indication that this area was intended to be part of appellant's household and private domain. Accordingly, under *Hester*, appellant was afforded no protection for the plants seized.

I, therefore, concur in affirmance of judgment of sentence.

---

* As to whether *Hester* is good law after *Katz*, compare *Katz v. United States*, supra at 360, 88 S. Ct. at 516 (HARLAN, J., concurring); *Harris v. United States*, 390 U.S. 234, 236, 88 S. Ct. 992, 993 (1968); *United States v. Campbell*, 395 F. 2d 848 (4th Cir. 1968); *Atwell v. United States*, 414 F. 2d 136 (5th Cir. 1969); with *Wattenburg v. United States*, 388 F. 2d 853 (9th Cir. 1968).