## Commonwealth v. Wagner

*David J. Brightbill, Assistant District Attorney,* for Commonwealth.
*Charles J. Romito,* for defendant.

GATES, *P. J.,* November 6, 1974—On March 13, 1974, Trooper Haberstroh of the Pennsylvania State Police received a telephone call from a known, confidential informant who had relayed reliable information to the trooper on prior occasions that led to arrests and convictions. The informant told the trooper that on March 11, 1974, at about 1:30 in the afternoon, he observed two individuals placing a box containing a quantity of drugs in an "abandoned" field adjacent to Township Route 572 in East Hanover Township, Lebanon County, Pa.

The field was overgrown and it was not fenced in. The field was not posted with "no trespassing" signs. Defendant did not own the land. One-half hour after receiving the call, the trooper proceeded to the location, met the informant, located and confiscated the box containing marijuana, morphine, opium and other controlled substances. He had no search warrant at the time.

Approximately one month later, defendant was arrested and charged with a violation of the Drug, Device and Cosmetic Act and the Commonwealth proposes to use this evidence in the case.

At the time of defendant's arrest on April 23, 1974, he was released on nominal bail.

A preliminary hearing was held June 24, 1974, and defendant was bound over for court.

On August 26, 1974, the grand jury approved the indictment.

On August 28, 1974, defendant filed a pretrial application seeking the suppression of the physical evidence found in the field, charging that it was the product of an illegal search and seizure and further asking for the suppression of all statements, oral or written, which were the fruits of an unlawful and illegal arrest. Defendant also argues that the complaint and arrest warrant do not disclose probable cause for the arrest and, therefore, is illegal and all products of an illegal arrest should be suppressed.

Defendant's first contention—that he is entitled to have the physical evidence suppressed as a result of an illegal search and seizure—is without merit.

The Fourth Amendment to the Constitution of the United States guarantees that "[T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." To the same effect

is Pennsylvania Constitution, article 1, §8. These rights are personal in nature: Commonwealth v. Ross, 452 Pa. 500 (1973). "There is no necessity to exclude evidence against one defendant in order to protect the rights of another. No rights of the victim of an illegal search are at stake when the evidence is offered against some other party": Alderman v. United States, 394 U.S. 165 (1969). In order to obtain standing to challenge the legality of the search, defendant here must establish that he, rather than someone else, was the victim of an invasion of privacy.

In Jones v. United States, 362 U.S. 257 (1960), the United States Supreme Court held that "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else."

The question of standing to complain has been litigated before the Supreme Court of the United States on countless occasions, and the more recent decisions appear to rest upon the legitimacy of occupancy and the invasion of privacy rather than upon the trespass. The touchstone seems to be that, where it is established that defendant is within an area where he has a reasonable expectation of privacy, he is entitled to be free from unreasonable intrusions by the government.

The question of warrantless searches of open fields owned by defendant has not been directly before the United States Supreme Court since Hester v. United States, 265 U.S. 57 (1924). There it was held that Fourth Amendment protection did

not extend to "open fields," i.e., privately owned grounds or out buildings which are not located in close proximity to the owner's dwelling. It is questionable whether or not Hester was overruled, sub silentio, by Harris v. United States, 390 U.S. 234 (1968). However, the only Pennsylvania case dealing with such searches is Commonwealth v. Robbins, 216 Pa. Superior Ct. 233 (1970), where it was held that a warrantless search by police officers of a wooded area *belonging to defendant* and which area was 25 feet from the edge of the lawn in front of defendant's house was not an area protected by the Fourth Amendment.

In the matter presently before us, the only evidence bearing upon the ownership of the "open field" searched without a warrant by a police officer was from the officer himself. He described it as not being owned by defendant; an open field without fences and not near any dwelling. We conclude, therefore, that this area was not a place where defendant can claim the constitutional immunity from unreasonable searches and seizures. In brief, he has no standing to complain. See Commonwealth v. Raymond, 412 Pa. 194 (1963); Abel v. United States, 362 U.S. 217 (1960).

Defendant next asserts that his arrest was illegal because the complaint fails to show that the justice of the peace who issued the warrant for arrest had probable cause to do so.[1] He contends that the statements made to the arresting officer as a result of that illegal arrest must be suppressed.

---

1. There is no complaint about failure to comply with Pa. R.C.P. 132 and 133(A) which deal with the contents of a complaint and the form of the complaint. The reason probably is that the police officer strictly complied with both rules.

In Commonwealth v. Krall, 452 Pa. 215 (1973), the Supreme Court of Pennsylvania noted that:

"There is, of course, no doubt that the issuing authority must have probable cause to believe a suspect guilty of a crime charged against him before issuing a warrant for his arrest. This is ancient law and basic to our concept of freedom. Giordenello v. United States, 357 U.S. 480, 2 L. Ed. 1503 (1958). It is embodied in the Fourth Amendment to the United States Constitution. It is reflected in our Rules of Criminal Procedure, Rule 106. The defect in the complaint and warrant to which appellant points is apparent: nowhere is information therein provided from which the justice of the peace could make a detached judgment that probable cause existed to issue process. See Giordenello supra, 357 U.S. at 486. Nor is it possible to gather from the record presented to this Court that the police officer presented the justice of the peace with verbal statements not contained in the complaint from which a conclusion of probable cause might properly be drawn. Commonwealth v. Milliken, 450 Pa. 310, 300 A. 2d 78 (1973)."

It would appear, by implication at least, that a district justice of the peace may issue a warrant of arrest if there exists probable cause based upon testimony under oath which would give rise to it. There does not appear to be any requirement that all of what is told the district justice and which gives rise to probable cause must be contained within the four corners of the complaint or reduced to writing for that matter.[2]

---

2. Cf. Rule 4 of the Amendments to the Federal Rules of Criminal Procedure adopted by the Supreme Court of the United States, effective August 1, 1975.

Defendant urges upon us that we rationalize such a conclusion based upon Commonwealth v. Milliken, 450 Pa. 310 (1973). In Milliken, it was held that the affiant's sworn oral testimony *may* supplement his written affidavit and, together with the affidavit, supply the constitutional basis for the issuance of a search warrant. In Milliken, the court noted that it was obviously desirable to have all of the information giving rise to probable cause before the magistrate in writing but that the written affidavit, together with sworn oral testimony, may supply a sufficient constitutional basis for the issuance of a search warrant.

In Milliken the court noted that, in due course, in the exercise of the supervisory powers of that court, it would formulate a rule of criminal procedure which would require sufficient written record be made contemporaneously with the issuance of the search warrant.

Millken was decided on January 30, 1973, five months prior to the Krall decision. In Krall they noted the Milliken case. Nonetheless our Supreme Court in Krall plainly indicated that sworn oral testimony, together with a written complaint, may combine to furnish the constitutional basis for probable cause to issue a body warrant. Whether or not our Supreme Court will, at sometime in the future, exercise its supervisory power and formulate a rule requiring all of the information in support of an arrest warrant be in written form and sworn before the district magistrate is pure speculation. The court did implement its Milliken concern by the promulgation of Pa. R.C.P., 2003 on March 28, 1973, and effective in 60 days. But presently, there is no rule which compels all of the information given to the district justice giving rise to

probable cause in support of the issuance of a body warrant be in writing such as is now required in the federal system. See footnote 2, supra.

At the suppression hearing, the trooper testified about additional facts he gave the district justice under oath, in addition to that contained in the written complaint, which would give rise to probable cause for the issuance of a body warrant. Defendant does not contend otherwise. Defendant's contention being solely that since it was not in writing it could not be considered by the district justice and without it there is no grounds for probable cause. Inasmuch as we hold that there is presently no case law nor rule of criminal procedure which compels all of the grounds for the issuance of an arrest warrant to be written and sworn to before the district justice, and that prior case law plainly indicates that written and oral testimony under oath given to the district justice passes constitutional muster, the arrest warrant was valid and the products thereof are not subject to suppression.

The courts of common pleas of the judicial districts in Pennsylvania are bound by appellate court decisions and, while they have supervisory powers over district justices of the peace, it is questionable whether or not they could exercise that power in this regard, no matter how desirable it may appear to us. But assuming we had such enormous supervisory powers, we could only, as in Milliken, indicate that we intend to promulgate such a rule. But, as in Milliken, it would not be retroactively applicable and thus of no benefit to this defendant.

## ORDER

And now, November 6, 1974, defendant's pretrial application to suppress is refused.