418 A.2d 485

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Steven PASSARELLI.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed Jan. 18, 1980.

Michael E. Riskin, Assistant District Attorney, Easton, for Commonwealth, appellant.

Gus Milides, Easton, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Northampton County granting a Motion to Suppress.

Appellee was arrested after police seized 70 pounds of marijuana from his house. However, the lower court suppressed the seized evidence stating that the information contained in the affidavit was insufficient to establish probable cause to search the appellee's home.

The Commonwealth asserts that this finding was error and that in fact there was sufficient information present. We agree and reverse.

An affidavit supporting the issuance of a search warrant must contain first, an explanation of the underlying circumstances from which the informant received the information and reached the conclusion that fruits of a crime would be located in the place to be searched. Secondly, there must be set forth in the affidavit a reasonable basis for the affiant's belief that his informant is credible and his information reliable. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

Here, the only dispute is whether the first criteria of the afore-enunciated test was satisfied.

The search warrant executed on appellee's house was based on an affidavit dated January 17, 1978 which contained the following information:

1. On Monday, January 16, 1978, members of the Easton Police Department approached a Richard Ehrie, of 121 9th Street, West Easton, Pa., at Eddyside Park, Rt. 611, Easton, at about 5:00 PM having information he was about to engage in a sale of 5 bls. of Marijuana, a controlled substance.

2. When members of the Easton Police Department approached him, Ehrie fled nearly striking members of the police department with his vehicle.

3. On January 16, 1978, Ehrie was arrested by members of the Easton Police Department.

4. On January 17, 1978, Ehrie voluntarily told Officer Serfass, of the Easton Police Dept., the following:

A. Ehrie admitted having 5 pounds of marijuana in his possession when approached by police the day before.

B. Ehrie obtained the Marijuana from Stephen Passarelli on January 16, 1978 at about 5 PM at 630 Wygadt Drive, Easton where Passarelli lives.

C. Ehrie returned the 5 pounds of marijuana to Stephen Passarelli on January 16, 1978 at about 7 PM at 630 Wygadt Drive and saw Passarelli place the Marijuana in a 1976 Ford Granada, red in color with white vinyl top which belongs to Passarelli.

D. Stephen Passarelli told Ehrie on January 16, 1978, that he received 400 pounds of Marijuana on or about December 29, 1977, by flying Eastern Airlines to Florida and driving back with someone else in a blue van, with the Marijuana to 630 Wygadt Drive, Easton, Pa.

5. That Stephen Passarelli is not that class of person permitted by the Acts of Assembly to have in his possession or control such controlled substances.

The lower court concluded that although the affiant had obtained drugs at appellee's home and that apparently appellee had had a large quantity of marijuana at his residence, there were no allegations upon which the affiant could conclude that the marijuana was stored at appellee's home.

We believe the standard imposed by the judge was too harsh. Our decisions have never required such a strict standard.

In *Commonwealth v. Gelfont,* 264 Pa.Super. 96, 399 A.2d 414 (1979), our Court cited with approval *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 697 (1960) wherein the U.S. Supreme Court held:

"(The magistrate) need not have been convinced of the presence of narcotics [at the place to be searched. Rather there need only be a substantial basis for him to conclude that narcotics were probably present.]" Id. at 362 U.S. 271, 80 S.Ct. 736.

Similarly, in *Commonwealth v. Stamps*, 260 Pa.Super. 108, 393 A.2d 1035 (1978) we said:

> The probable cause standard concerns only the probabilities, and not a prima facie showing of criminal activities, and probable cause exists when the facts and circumstances set forth in the affidavit are sufficient to warrant a man of reasonable caution in the belief that contraband to be seized is in the specific place covered in the application." Id., 260 Pa.Super. at 112–113, 393 A.2d at 1037–38.

The facts recited in the affidavit show this standard to have been met. The affiant had purchased marijuana from appellee on January 16, 1978. Later that day, he returned the marijuana to appellee outside appellee's house. Appellee that day told affiant that he had received 400 pounds of marijuana at his house approximately two weeks prior thereto.

Clearly, there was a substantial basis to believe that marijuana was present in appellee's house. Thus, we believe, that appellee's suppression motion was improperly granted.

Order of the lower court reversed and the case is remanded for trial.

SPAETH, J., concurs in the result.