459 A.2d 1263

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Jack Douglas BEALS.**

Superior Court of Pennsylvania.

Submitted Oct. 13, 1982.

Filed April 22, 1983.

Petition for Allowance of Appeal Denied Aug. 22, 1983.

348

James B. Yelovich, District Attorney, Somerset, for Commonwealth, appellant.

Jon C. Botula, Pittsburgh, for appellee.

Before WIEAND, BECK and MONTGOMERY, JJ.

WIEAND, Judge:

■ This is a Commonwealth appeal from an order which suppressed the remnants of recently harvested marijuana plants which had been seized, pursuant to warrant, from an open field in Somerset County. The order also suppressed observations made one day earlier by narcotics agents from a helicopter flying low over the cleared land in which marijuana plants were growing and observations of growing marijuana made two days earlier by narcotics agents who had entered the woodland surrounding the open field in which the marijuana was growing.[1] For reasons appearing in this opinion, we reverse.

1. The Commonwealth may appeal from an order granting suppression where the record demonstrates that the practical effect of the order is to terminate or substantially handicap further prosecution. *Common-*

■ The physical search and seizure of remnants of marijuana plants was accomplished on July 24, 1980, pursuant to a warrant issued for the search of a tract of two acres of land owned by appellee, Jack D. Beals. The facts upon which the finding of probable cause for the warrant had been made appeared in an affidavit as follows:

At or about 2:00 p.m. on July 20, 1980, affiant, Kenneth R. Lemon, received information from a reliable and credible informant personally known to him for about one (1) year and whose name, residence address, place of employment, social security, age and current whereabouts are known to Kenneth R. Lemon personally. The informant has no criminal history on file with the Pennsylvania State Police, nor with the Somerset, Berlin, Meyersdale, or Central City Police Departments, nor is there any record of criminal history in the Clerk of Courts Office in the Courthouse at Somerset, Pennsylvania. The informant, to Kenneth R. Lemon's knowledge, has been a resident of Somerset County, for in excess of twenty (20) years. The informant is an unpaid person who desires to remain anonymous because he is fearful of his safety. Prior to relating any information to the affiant Kenneth R. Lemon, the informant was informed of the consequences of giving false information to law enforcement authorities, that such conduct was a criminal offense and was further advised that any information he volunteered could and would be used against him in a court of law, if inculpatory, that he had the right to remain silent, his right to counsel of his choice before and during questioning and to a free lawyer, if he could not afford counsel as well as the right to stop answering questions at any time. The informant was not in custody for an offense nor was he the focus of an investigation. The informant acknowl-

wealth v. Wrona, 442 Pa. 201, 275 A.2d 78 (1971); Commonwealth v. Bosurgi, 411 Pa. 56, 190 A.2d 304, cert. denied, 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963); Commonwealth v. Lapia and Dugger, 311 Pa.Super. 264, 457 A.2d 877 (1983); Commonwealth v. Lawrence, 311 Pa.Super. 326, 327, 457 A.2d 909, 910 (1983); Commonwealth v. Williams, 309 Pa.Super. 63, 68–69, 454 A.2d 1083, 1086 (1982).

edged that he understood his rights and was willing to impart information to Kenneth R. Lemon.

The informant advised Kenneth R. Lemon that on prior occasions this summer and particularly during the week of July 13 through 20, 1980, while personally present on the property owned by Jack D. Beals as hereinbefore described, he personally observed what he believed to be marijuana plants being grown and cultivated in large quantities in an approximate two (2) acre area located near the extremity of a row-crop, in an area surrounded by large trees and further identified the property as the property of "Jack Beal."

On July 20, 1980, the confidential informant took Kenneth R. Lemon to the property and identified it as the place where he saw the suspected marijuana growing. "No Trespassing" signs surrounding the property were signed by "Jack Beals", in handwriting similar to that which appears on the deed attached. An employee of an adjacent land owner further identified the owner of the property as "Jack Beal." (Through further investigation at the Courthouse in Somerset, Pa., it was determined that the property in question was owned by Jack D. Beals, 818 Smith Street, Somerset, PA 15501). On July 23, 1980, both affiants in the company of Trooper Steve Lapata of the Pennsylvania State Police flew over the property in a helicopter and observed, in the area pinpointed by the informant and their research, at a heighth of approximately two hundred (200) feet, a cultivated area of approximately two (2) acres, surrounded by large trees, near the western end of a row-crop, approximately four hundred (400) individual plants of varying size up to six (6) feet. Based upon their observations, training and experience, affiants identified the plants as marijuana.

In determining the sufficiency of the affidavit to permit a finding of probable cause by the issuing authority, we follow the guidelines set forth in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d

723 (1964) and followed assiduously by the courts of Pennsylvania. See e.g.: *Commonwealth v. Turner*, 284 Pa.Super. 395, 425 A.2d 1161 (1981); *Commonwealth v. Luddy*, 281 Pa.Super. 541, 422 A.2d 601 (1980), *cert. denied*, 454 U.S. 825, 102 S.Ct. 114, 70 L.Ed.2d 99 (1981); *Commonwealth v. Passarelli*, 274 Pa.Super. 436, 418 A.2d 485 (1980); *Commonwealth v. Gelfont*, 264 Pa.Super. 96, 399 A.2d 414, *cert. denied*, 444 U.S. 930, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979); *Commonwealth v. Reisinger*, 252 Pa. Super. 1, 380 A.2d 1250 (1977). "An affidavit supporting the issuance of a search warrant must contain first, an explanation of the underlying circumstances from which the informant received the information and reached the conclusion that fruits of a crime would be located in the place to be searched. Secondly, there must be set forth in the affidavit a reasonable basis for the affiant's belief that his informant is credible and his information reliable." *Commonwealth v. Passarelli, supra* 274 Pa.Super. at 438, 418 A.2d at 486.

In the instant case, both prongs of the test were met. The growing marijuana had been observed personally by the informant. It had also been observed from the air by state narcotics agents and a member of the Pennsylvania State Police who flew over the field in a helicopter. As to the second prong, this Court held in *Commonwealth v. Prosdocimo*, 308 Pa.Super. 187, 454 A.2d 84 (1982), that an issuing authority must be persuaded either that the informant was credible or that his information was reliable. Here, both were shown. The affidavit furnished the magistrate with evidence which established that the informant had been a long time (more than. 20 years) resident of Somerset County who was gainfully employed and had no criminal record. Compare: *Commonwealth v. Schaszberger*, 285 Pa.Super. 586, 592, 428 A.2d 200, 203 (1981); *Commonwealth v. Gelfont, supra* 264 Pa.Super. at 103, 399 A.2d at 418. In addition, the informant's tip had been corroborated by aerial observations made by the affiant himself. Compare: *Commonwealth v. Funke*, 306 Pa.Su-

per. 542, 547, 452 A.2d 857, 860 (1982). Under these circumstances, the second prong of the *Spinelli* test was clearly satisfied. For these reasons, we conclude that probable cause existed for the issuance of the search warrant, and that the search conducted pursuant thereto was valid.

Appellee argues, however, that the search was contaminated and the seizure of evidence subject to suppression because of illegalities occurring on the two days preceding the search. These activities enabled narcotics agents employed by the Pennsylvania Department of Justice to observe the marijuana being grown on appellee's land. On July 20, 1980, Agent Kenneth R. Lemon was told by the informant that the informant had observed marijuana plants growing on land of the appellee, Jack D. Beals. The informant took Lemon to the Beals property to show him the area in which he had seen the growing marijuana, but an actual view of the growing plants was obstructed by woodland. On July 22, 1980, Lemon and another agent went upon lands of a neighbor, with permission, but they were unable to see the clearing because of surrounding trees. They observed "No Trespassing" signs but, nevertheless, entered the woods on Beals' land and in this manner were able to observe 350 to 400 marijuana plants growing in a cleared space among the trees. On this occasion nothing was seized. The following day, July 23, 1980, the agents circled over the clearing at a height of 200 feet in a State Police helicopter and with the assistance of binoculars were again able to observe growing marijuana plants. They also took aerial photographs of the property showing that the open space in which marijuana plants were growing was surrounded by woodland. The cleared space was situated on a 17 acre tract of land at a corner of the tract most distant from the dwelling house. A search warrant was obtained during the late afternoon of the same day and was executed the following morning. The marijuana plants had by then been harvested, and only 81 grams of marijuana and remnants of several marijuana plants were seized.

Before considering the propriety of the observations made by the agents on July 22 and 23, 1980, it may not be amiss to repeat, as we have already observed, that the information imparted to Agent Lemon by the informant, an eyewitness to the growing marijuana, whose credibility had been established, was itself adequate to support the issuance of the search warrant. It is also significant that neither the activities of the agents on July 22, 1980 nor their observations on that day were recited in the affidavit submitted to the issuing authority. Thus, even if the trespass of July 22, 1980 had constituted a violation of appellee's Fourth Amendment rights, it would not have prevented the issuance of a search warrant for probable cause obtained validly and recited adequately in the affidavit presented to the issuing authority.

More importantly, the trespass on appellee's land did not of itself constitute an illegal search. *United States v. Capps*, 435 F.2d 637, 640 (9th Cir.1970); *Atwell v. United States*, 414 F.2d 136, 138 (5th Cir.1969); *McDowell v. United States*, 383 F.2d 599, 603 (8th Cir.1967). Accord: *Commonwealth v. Treftz*, 465 Pa. 614, 351 A.2d 265, *cert. denied*, 426 U.S. 940, 96 S.Ct. 2658, 49 L.Ed.2d 392 (1976); *Commonwealth v. Johnson*, 247 Pa.Super. 208, 212, 372 A.2d 11, 13 (1977) (the fact that observations of police involved a trespass of private property is merely one factor to consider in determining the reasonableness of a visual intrusion), vacated on other grounds, 484 Pa. 349, 399 A.2d 111 (1979); *Commonwealth v. Janek*, 242 Pa.Super. 340, 342, 363 A.2d 1299, 1300 (1976); *Commonwealth v. Soychak*, 221 Pa.Super. 458, 462, 289 A.2d 119, 122 (1972). Open fields generally are not considered areas subject to a reasonable expectation of privacy. Therefore, the courts have held that the special protection accorded by the Fourth Amendment to people in their "persons, houses, papers, and effects" does not extend to open fields. See: *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924); *Commonwealth v. Treftz, supra; Commonwealth*

*v. Metzger,* 295 Pa.Super. 267, 273, 441 A.2d 1225, 1228–1229 (1981); *Commonwealth v. Janek, supra; Commonwealth v. Robbins,* 216 Pa.Super. 233, 263 A.2d 761 (1970) (Concurring Opinion by Hoffman, J.).[2]

■ In the instant case, the field, undisputedly not within the curtilage, was located 1170 feet from the dwelling and was not visible therefrom. It consisted of a cleared space surrounded on all sides by woodland. In such an open field there could be no reasonable expectation of privacy. It certainly was not reasonable to expect privacy merely because "No Trespassing" signs had been posted around the perimeter of appellee's tract of land. Thus, the visual observations of growing marijuana plants, whether from the ground or from the air, were not constitutionally forbidden, and information derived thereby was not subject to suppression. For similar reasons, the search warrant executed on July 24, 1980 was not defective because its issuance had been based upon an affidavit containing a reference to observations of marijuana made from a helicopter. See: *United States v. Debacker, supra.*

The order suppressing evidence is reversed, and the case is remanded for further proceedings. Jurisdiction is not retained.

**2.** The "open fields" doctrine has not been overruled by the decision of the Supreme Court in *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). See: *Commonwealth v. Treftz, supra* 465 Pa. at 626, 351 A.2d at 270 (*Katz* lends implicit support to the "open fields" doctrine). See also: *United States v. Oliver,* 686 F.2d 356 (6th Cir. 1982); *Patler v. Slayton,* 503 F.2d 472, 478 (4th Cir.1974); *United States v. Minton,* 488 F.2d 37, 38 (4th Cir.1973), *cert. denied,* 416 U.S. 936, 94 S.Ct. 1936, 40 L.Ed.2d 287 (1974); *United States v. Brown,* 487 F.2d 208 (4th Cir.1973), *cert. denied,* 416 U.S. 909, 94 S.Ct. 1617, 40 L.Ed.2d 114 (1974); *United States v. Capps, supra; United States v. Hollon,* 420 F.2d 302 (5th Cir.1969); *United States v. Debacker,* 493 F.Supp. 1078 (W.D.Mich.1980) (While the *Hester* "open fields" doctrine is arguably modified by *Katz,* "open fields" are not areas in which one traditionally can expect privacy.); *State v. Hanson,* 113 N.H. 689, 691, 313 A.2d 730, 732 (1973) ("[W]ith regard to areas around a dwelling, there is a close relationship between the basis for determining if an area is within the curtilage and whether it is a place where there is a reasonable expectation of privacy.").