## Commonwealth v. Sweeley

*Ted McKnight, district attorney,* for the Commonwealth.

*Peter T. Campana,* for defendant.

WILLIAMSON, *J.,* November 8, 1995—This action arose as a result of a criminal investigation of George Baney. On August 16, 1994, members of the Pennsylvania State Police executed a warrant at Baney's residence which authorized a search for evidence of illegal drug activity. During that search, Baney informed the officers that defendant was growing marijuana in a nearby cornfield and led the officers into the field.

As the officers were being led through the cornfield, a state police helicopter circled above looking for the marijuana plants. The officer in the helicopter was unable to see any of the plants until the officers in the cornfield pointed out the first of the five plants even-

tually found. The plants were confiscated;[1] tests confirmed the plants were marijuana.

The land upon which the corn and marijuana were growing was owned by defendant's mother, Emily Eoute. Defendant's residence was near the cornfield. Defendant argues that, since neither Baney nor the officers were privileged to enter Eoute's land, the search violated Article I, Section 8 of the Pennsylvania Constitution and all evidence resulting from the search should be suppressed.

The Commonwealth counters that the open fields exception to the Fourth Amendment authorizes the search and the admissibility of the seized evidence. The Commonwealth adopts the reasoning in *Oliver v. United States,* 466 U.S. 170 (1984), that under the Fourth Amendment, open fields are not "effects" and any intrusions upon open fields are not unreasonable searches. Applying the reasoning of *Oliver* to the case at bar, the Commonwealth apparently argues that open fields are not "possessions" under Article I, Section 8; that the entry into the cornfield was not an unreasonable search; and that a person cannot have a reasonable expectation of privacy in a cornfield.

Defendant, on the other hand, urges this court to find there is no "open fields" doctrine viable under Article I, Section 8 of the Pennsylvania Constitution. Defendant argues that while the Fourth Amendment's prohibition against unreasonable searches and seizures of "persons, houses, papers and effects" *does not* extend

---

1. At no time prior to confiscating the plants was any attempt made to obtain a search warrant for the cornfield. This is true even though one week prior to the search, the officers had been informed by Andrea Kertis, defendant's former girlfriend, that defendant was growing marijuana in the cornfield. (Tr. prelim. hearing, p. 14.)

to open fields, the word "possessions," which is included in Article I, Section 8, *does* extend the protection.

Defendant notes four other states have adopted the open fields doctrine under their constitutions, but that two states have refused to apply the doctrine.

## DISCUSSION

In *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991), the Supreme Court compared the federal constitution to the Pennsylvania Constitution and determined that the "good faith" exception to the exclusionary rule, applicable under the federal constitution, is not allowable under the Pennsylvania Constitution. In a lengthy opinion, the court examined the history of Article I, Section 8 of the Pennsylvania Constitution and noted that, while the purpose of the exclusionary rule under the federal constitution is to deter police misconduct, in Pennsylvania, the purpose is to protect individual privacy rights under Article I, Section 8. *Id.* at 395, 596 A.2d at 897-99. The court rejected the notion that Pennsylvania courts have been applying the exclusionary rule to deter police conduct and observed that the Pennsylvania Constitution has historically been interpreted to incorporate a strong notion of privacy and an equally strong adherence to the requirement of probable cause under Article I, Section 8. *Id.* at 398-99, 586 A.2d at 897-99.

This court has not discovered any Pennsylvania case which has decided whether Article I, Section 8 prohibits warrantless searches of open fields.[2] Pennsylvania cases

2. The Commonwealth's brief refers to the difference between the federal and state constitutions as "a distinction without a difference." This court has, therefore, been compelled to research this issue of apparent first impression without any assistance from the district attorney, an example of a pattern of conduct which is becoming increasingly distressing to this judge.

before and after *Oliver* have held that the Fourth Amendment protections do not apply to open fields. *Commonwealth v. Janek,* 242 Pa. Super. 340, 363 A.2d 1299 (1976); *Commonwealth v. Beals,* 313 Pa. Super. 346, 459 A.2d 1263 (1983). However, in those cases, the greater protection under Article I, Section 8 argument was not raised; therefore, those decisions are not binding precedent.

Warrantless searches and seizures are per se unreasonable, subject only to a few specifically established and well-delineated exceptions. *Commonwealth v. Silo,* 480 Pa. 15, 389 A.2d 62 (1978), *cert. denied,* 439 U.S. 1132, *rehearing denied,* 440 U.S. 969. This court must therefore determine whether the open fields exception to warrantless searches and seizures under the Fourth Amendment to the Constitution of the United States, is viable under Article I, Section 8 of the Pennsylvania Constitution.

### Fourth Amendment vs. Article I, Section 8

Article I, Section 8 of the Pennsylvania Constitution provides as follows:

"Security from searches and seizures

"Section 8. The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or thing shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

The Fourth Amendment to the United States Constitution reads:

"Amendment IV

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

In deciding there is no good faith exception to the exclusionary rule under the Pennsylvania Constitution, the Pennsylvania Supreme Court has stated:

"[t]his court has long emphasized that, in interpreting a provision of the Pennsylvania Constitution, we are not bound by the decisions of the United States Supreme Court which interpret similar (yet distinct) federal constitutional provisions. . . .

"[E]ach state has the power to provide broader standards, and go beyond the minimum floor which is established by the federal constitution. . . . The United States Supreme Court has repeatedly affirmed that the states are not only free to, but also encouraged to engage in independent analysis in drawing meaning from their own state constitutions. . . .

"Here in Pennsylvania, we have stated with increasing frequency that it is both important and necessary that we undertake an independent analysis of the Pennsylvania Constitution, each time a provision of that fundamental document is implicated. Although we may accord weight to federal decisions where they 'are found to be logically persuasive and well reasoned, paying due regard to precedent and the policies underlying specific constitutional guarantees,' . . . we are free to reject the conclusions of the United States Supreme Court so long as we remain faithful to the minimum guarantees established by the United States Constitution." *Commonwealth v. Edmunds, supra* at 388-90, 586 A.2d at 894-95. (citations omitted)

In *Oliver,* the court stated, "the term 'effect' is less inclusive than 'property' and cannot be said to encompass open fields." *Oliver v. United States, supra* at 177. In a footnote, the court noted, "[t]he framers would have understood the term 'effects' to be limited to personal, rather than real, property." *Id.* at n. 7. Additionally, the definitions of the words may suggest that "possessions" includes real property while "effects" does not. While the word "effects" is defined as "movable goods, property," "possessions" is defined as "wealth or property; actual holding or occupancy with or without rightful ownership; territory subject to foreign control." The American Heritage Dictionary, Second College Edition, (1985), pp. 439 and 967.

This court believes the word "possessions" includes real property one owns or exercises control over. An open field, therefore, is protected generally from warrantless searches and seizures. However, such protection can only apply with respect to a privacy interest that can reasonably be expected. Therefore, the plain view doctrine may allow the introduction of evidence which is in plain view from an area in which a police officer or member of the public is legally entitled or anticipated to be.

Article I, Section 8 guarantees a person the right to privacy in areas of open fields which are not in plain view to others. If an object can be viewed from aircraft a reasonable distance above the area, there is no protected notion of privacy in the area. Additionally, no reasonable privacy interest can exist if no attempt is made to prohibit the public from entering an open field. Posting "no trespassing" signs or erecting a fence around a field may be sufficient to create a reasonable expectation of privacy. Likewise, informing a trespasser that he or she is not welcome may also create a privacy interest. However, evidence in plain view and seen even

by a trespasser prior to a demand to leave may be used against the possessor in a criminal trial. If no precaution was taken, no reasonable expectation of privacy would exist, because such precautions are required to make a trespasser a defiant trespasser as defined in 18 Pa.C.S. §3503(b). If the precautions are not taken, public policy mandates a presumption that open lands are available for use by the public.[3] Open lands that are not posted or fenced off are presumed open for recreational use by the public, especially in rural counties where hunting and outdoor activities are common.

Therefore, this court finds that an owner of open land who takes any precaution similar to those set forth in 18 Pa.C.S. §3503(b) has a protected privacy interest under Article I, Section 8 in open fields which are not in open view to anyone on surrounding land or a reasonable distance above the land.[4] Since no precautions were taken to exclude trespassers in this case, defendant could not have had a reasonable expectation of privacy.

---

3. *Oliver v. United States,* 466 U.S. 170, 193-94 (1984) ("Still other spaces are, by positive law and social convention, presumed accessible to members of the public unless the owner manifests his intention to exclude them.

"Undeveloped land falls into this [] category. If a person has not marked the boundaries of his fields or woods in a way that informs passersby that they are not welcome, he cannot object if members of the public enter onto the property.").

4. Requiring actions to be taken to establish a privacy interest is a concept which has indirectly been used by courts in the past. In *Commonwealth v. Soychak,* 221 Pa. Super. 458, 289 A.2d 119 (1972), the court found that defendants had affirmatively demonstrated an expectation of privacy by taking certain steps to assure the public could not view the activities inside their club. *Id.* at 462-63, 289 A.2d at 122, 123. Article I, Section 8 was not raised in *Soychak,* but the court apparently held that steps could be taken to create a privacy interest under the Fourth Amendment. Since greater pro-

Defendant correctly notes he has standing to challenge the legality of the search and seizure because he is charged with possession of the item seized. *Commonwealth v. Sell,* 504 Pa. 46, 470 A.2d 457 (1983). However, since the court believes that neither consent nor a warrant is needed to search an unposted open field, evidence of the marijuana and other materials taken from the cornfield is admissible.

## ORDER

Now, November 8, 1995, defendant's motion to suppress evidence is denied.

---

tections are afforded under Article I, Section 8, less steps may be needed to create a reasonable expectation of privacy.

In *Soychak,* the court noted that "the presence or absence of an accompanying trespass is merely a factor to consider in determining the reasonableness of a visual intrusion." *Id.* at 462, 289 A.2d at 122. This court is aware that United States Supreme Court cases have held that a trespass onto posted land is irrelevant to the determination of the legality of the search. However, the reasoning in those cases is not controlling since the Pennsylvania Constitution is now being examined.